IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 4:06CR3160 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **TENTATIVE** |
| ) | **FINDINGS** |
| MAURICE HARRY TYLER, ) | |
| ) | |
| Defendant. ) | |

I am in receipt of the second revised presentence investigation report and addendum in this case. Except for the motion for downward departure or variance (filing 28 parts 2-4), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1) The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005). In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2) The defendant's motion (filing 28 parts 2-4) for departure or variance (deviation) will be denied. Motivated, he says, by notions of "lesser harms" and

"coercion and duress," Tyler asserts that he disarmed a juvenile and therefore his prison sentence for possession of a weapon by a felon should be reduced. Even if everything Tyler says is in fact true (and I have serious doubts), a departure or variance (deviation) is not warranted. This is true for a variety of reasons. Although there are others, two reasons are enough to illustrate the point:

    A.    If Tyler was truly trying to avoid trouble, he should not have attempted to make an inoperable gun operable.[1] This behavior amplified the harm rather than lessening it. Indeed, it caused the gun to fire and injure another person. Likewise, once he had possession of the weapon, no coercion or duress forced him to try to make the gun work.

    B.    Particularly given the defendant's extensive criminal history (PSR ¶¶ 36-55), which includes attempted murder amended to brandishing with a firearm (PSR ¶ 38) and armed robbery (PSR ¶ 39), there is no plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

    (3)    Except to the extent (if at all) that I have sustained an objection or granted a motion or reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

    (4)    If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion

---

[1] Tyler admits that he "took the gun and, with a pair of pliers he had on him, attempted to get the jammed round out of the chamber. When he did that, another round came up and the bridge went forward and the weapon fired accidentally." (Defendant's Brief; Filing 29 at CM/ECF page 1.)

challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5) Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

(6) Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

May 15, 2007. BY THE COURT:

s/ *Richard G. Kopf*
United States District Judge